SALMON et al. v. NORRIS et al.

(Supreme Court, Appellate Division, Second Department. June 17, 1904.)

1. CHATTEL MORTGAGES—PRIORITY—NOTICE..
     Where, prior to the execution of a chattel mortgage under which plaintiffs claimed, they knew of the existence of an unfiled mortgage on the same property, made by the mortgagor to C., that it had been assigned to N., and was wholly unpaid, a judgment decreeing such mortgage priority over plaintiff's mortgage was proper.

Appeal from Special Term, Kings County.
Action by Hamilton H. Salmon and others against Charles J. Norris, impleaded with others. From a judgment in favor of defendant Norris, plaintiffs appeal. Affirmed.
Argued before HIRSCHBERG, P. J., and BARTLETT, WOODWARD, JENKS, and HOOKER, JJ.
John B. Gleason, for appellants.
Horace Graves, for respondent.

WILLARD BARTLETT, J. This is the second time this case has been before this court. The nature of the action is sufficiently stated in our opinion upon the first appeal. Salmon v. Norris, 82

¶ 1. See Chattel Mortgages, vol. 9, Cent. Dig. § 264.

App. Div. 362, 81 N. Y. Supp. 892.   Upon the evidence in the record then before us we held that the mortgage assigned by Rosenberg to Norris had precedence over the plaintiffs' mortgage, but that the plaintiffs' mortgage had precedence over the mortgage assigned by Chapman to Norris to the extent of the sales actually made by the plaintiffs.   Upon the second trial, now under review, however, the learned judge at Special Term made a finding in respect to the mortgage assigned by Chapman to Norris, which was not made upon the first trial.   He has found that, prior to the execution of the mortgage under which the plaintiffs claim, the plaintiffs were aware of the existence of the mortgage made to Chapman and its assignment to Norris, and that it was wholly unpaid.   This finding is sustained by evidence which was not adduced at the first trial, to the effect that Norris notified a representative of the plaintiffs' firm of the fact that the mortgage was unpaid.   I think that the difference in the proof in this respect fully justified the conclusion of the trial judge that the mortgage assigned by Chapman to the defendant Norris was entitled to priority over the plaintiffs' mortgage.   As to the mortgage assigned by Rosenberg to Norris, the evidence of the plaintiffs' knowledge that it had not been paid was just as strong on the second trial as it was on the first, and we held on the first appeal that it was clear enough to entitle that mortgage to priority over the mortgage of the plaintiffs.

It follows that the judgment rendered at Special Term was right, and should be affirmed.

Judgment affirmed, with costs.   All concur.